STEIN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Term. November 10, 1904.)

1. CARRIERS—INJURIES TO PASSENGER—EVIDENCE.

Where a passenger on boarding a car placed his right hand on the door jamb, when it was injured by the conductor closing the door of the car upon it, the fact that the car was so constructed that in all positions the sliding doors operated from right to left did not render the happening of the accident as claimed a physical impossibility, it not appearing that plaintiff at the time of the accident was not facing the platform instead of the inside of the car.

Appeal from Municipal Court, Borough of Manhattan, Thirteenth District.

Action by Michael Stein against the Manhattan Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

F. S. Williams, for appellant.
Maurice J. Katz, for respondent.

BISCHOFF, J. The plaintiff's cause of action for personal injuries caused by the negligence of the defendant's servant in charge of one of the cars upon defendant's train is supported by proof that the plaintiff, with his two children, boarded the rear platform of this car; that the conductor pushed one of the children in such a

way as to lead the plaintiff to remonstrate; that thereupon the conductor pushed the plaintiff, who placed his right hand upon the door jamb of the car; and that the conductor then closed the door upon plaintiff's hand while in this position.

The contention of the defendant is that the happening of the accident was a physical impossibility, in view of the construction of all of its cars, in that the sliding doors are so fashioned that whatever the position of the car in the make-up of the train, or whatever the course taken by a passenger when boarding the car, whether from the front or rear, the sliding doors operate from right to left, and that assuming, therefore, that the plaintiff placed his right hand upon the door jamb, the door could not have been closed upon it. The fallacy of this argument lies in the assumption that the plaintiff, when he placed his right hand upon the door jamb, was facing the interior of the car, for the evidence does not show this to be the fact. True, the plaintiff testified that he boarded the rear platform and started to enter the car, but he does not say that when he placed his right hand upon the door jamb he was facing forward, and the inference which is to be drawn from the testimony of the witness Abraham Stein is that the plaintiff, after talking to the conductor, was pushed backward by the latter, and steadied himself with his wrist upon the left-hand jamb of the car, his right hand being placed against the jamb, palm outward, the injury having been occasioned to the palm of the hand. Under these circumstances, the happening of the accident as the plaintiff claims is not in the slightest degree inconsistent with the fact of the structural condition of the car, and a finding that the injury was occasioned by the defendant's negligence, without contributory negligence on plaintiff's part, is obviously supported by the evidence that, while the plaintiff was thus steadying himself with his hand upon the door jamb, the conductor violently slammed the door upon him or against his hand, when the risk of causing an injury to the passenger by such a course was plain.

Judgment affirmed, with costs. All concur.